UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY CLINTON DEGUIRE, | No. 2:16-cv-00222-MCE |
| Appellant, | |
| v. | **MEMORANDUM AND ORDER** |
| MARICOPA ORCHARDS, LLC, | |
| Appellee. | |

The Bankruptcy Court below dismissed Appellant Corey Clinton DeGuire's ("Appellant") bankruptcy petition after determining that he was not eligible for Chapter 13 relief. Appellant timely noticed his appeal of that order and filed his Motion for Stay Pending Appeal in this Court. ECF No. 5. Because Appellant has not met his burden of justifying the imposition of a stay, Appellant's Motion is DENIED.

**BACKGROUND**

Appellant and his father, Stephen DeGuire, are the sole principals of DeGuire Marketing, LLC ("DeGuire Marketing"). Appellee Maricopa Orchards, LLC ("Appellee") retained DeGuire Marketing to sell the almonds it had grown on its behalf. Under the terms of their agreement, DeGuire Marketing was to remit the proceeds of the almond

1

1  sales, while keeping a small commission for itself.  After Appellee delivered its 2013
2  almond crop, DeGuire Marketing apparently sold the crop and converted a portion of the
3  proceeds to their own use.  Accordingly, Appellee commenced litigation against DeGuire
4  Marketing and Appellant in state court.
5        Appellant commenced his Chapter 13 case in the Bankruptcy Court in September
6  2015 and moved for orders confirming a Chapter 13 plan.  Appellee opposed that
7  motion, filed a motion to dismiss, and also initiated an adversary proceeding against
8  Appellant seeking a determination that he was indebted to Appellee and that such debt
9  was non-dischargeable.  The Bankruptcy Court ruled in favor of Appellee as to both
10 motions.  After initiating his appeal in this Court, Appellant applied for a stay pending
11 appeal in the Bankruptcy Court.  The Bankruptcy Court denied Appellant's application.
12
13 **DISCUSSION**
14
15       A federal district court has broad discretion in deciding whether to issue a stay.
16 Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).  In
17 exercising such discretion, courts in the Ninth Circuit adhere to a sliding-scale balancing
18 of four traditional factors.  In re Vandenberg, 09-BK-23387, 2012 WL 1854298, at *2
19 (Bankr. D. Ariz. May 21, 2012).  The traditional factors are:  (1) whether the applicant
20 has made a strong showing that he is likely to succeed on the merits; (2) whether the
21 applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will
22 injure other parties interested in the proceeding; and (4) the public interest.  Id.  The first
23 two factors are the most critical, but a failure on any one factor requires the Court to
24 deny the application for a stay.  In re Rivera, 5:15-cv-04402, 2015 WL 6847973 at *2
25 (N.D. Cal. Nov. 9, 2015).
26       Here, Appellant's failure to make a showing of either a likelihood of success on
27 the merits or irreparable harm dooms the instant Motion.  Appellant argues that he will
28 suffer irreparable harm if the dismissal order is not stayed because he will be forced to

1 spend money defending himself against Appellee's state court action.  That argument
2 borders on the frivolous.  As Judge Jaime explained in adjudicating Appellant's Motion
3 for a Stay in the Bankruptcy Court, nearly all courts hold that litigation expenses do not
4 constitute irreparable harm.  ECF No. 8-1 at 120 (citing Mohamad v. Uber Techs., Inc.,
5 115 F. Supp. 3d 1024, 1032-33 (N.D. Cal. 2015).[1]

      Furthermore, the likelihood that Appellant will prevail on the merits of his appeal is slim.  Appellant's primary contention is that the Bankruptcy Court erred in applying California's trust-fund doctrine in finding Appellant personally liable for the debts of DeGuire Marketing to Appellee.  The trust-fund doctrine "imposes a fiduciary obligation on corporate officers and directors in favor of the corporation's creditors when the corporation is insolvent."  In re Tsai, No. 2:13-BK-27391, 2014 WL 1154032 at *6 (Bankr. C.D. Cal. Mar. 19, 2014).  Insolvency can be established at the moment a corporation's liabilities exceed its assets.  Id.  Appellant argues that the Bankruptcy Court found that it was insolvent on September 23, 2015, but made no finding that it had breached a fiduciary duty imposed by the trust-fund doctrine.  But the duties created by the trust-fund doctrine require a debtor to <u>affirmatively avoid</u> dissipating, diverting, or diluting corporate assets.  In re Houng, No. 13-56656, 2016 WL 145841 at *2 (9th Cir. Jan. 11, 2016).  Given that Appellant had a duty of avoidance, it was proper for the Bankruptcy Court to find that he was personally liable for DeGuire Marketing's debt to Appellee even in the absence of affirmative wrongdoing between the date of insolvency and the filing of his Chapter 13 petition.  Appellant's Motion is therefore denied.

///
///
///
///
///

---

[1] The parties' Requests for Judicial Notice (ECF Nos. 8-1 and 11) are unopposed and GRANTED on that basis.

3

**CONCLUSION**

For the reasons set forth above, Appellant's Motion for a Stay Pending Appeal (ECF No. 5) is hereby DENIED.

IT IS SO ORDERED.

Dated:  March 29, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT